IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARLON T. YOUNG,

                Plaintiff,                OPINION AND ORDER

v.

                                        25-cv-641-wmc

JEANNIE KRAMER and
ALANA ACKER,

                Defendants.

---

      Plaintiff Marlon T. Young, a prisoner incarcerated by the Wisconsin Department of Corrections at the New Lisbon Correctional Institution, was granted leave to proceed on Eighth Amendment claims against defendants Jeannie Kramer and Alana Acker, who are employed by DOC as health care workers. (Dkt. #8.) Defendants have filed a motion for summary judgment on the ground that Young, who is representing himself, failed to exhaust his administrative remedies on any of his claims against them. (Dkt. #31.) For the reasons explained below, defendants' motion for summary judgment will be granted and this case will be closed.

BACKGROUND

      Young was previously confined at the Columbia Correctional Institution, where Kramer is an Advanced Practice Nurse Prescriber and Acker is a Health Services Manager. Young alleges that he was denied adequate medical care by Kramer and Acker following the amputation of his right pinky toe at the University of Wisconsin Hospital in May 2024. Specifically, the court granted Young leave to proceed with the following claims:

1. APNP Kramer and HSM Acker discontinued a "wound cleaning regimen" on August 30, 2024, for no medical reason;

2. Young notified Kramer of an open would that she failed or refused to treat;

3. Young requested assistance from Acker "numerous times" but she failed to intervene on his behalf or ensure that he received adequate medical care for his wound after it became infected.

(Dkt. #8.) Defendants now seek summary judgment for Young's failure to exhaust administrative remedies as required for these claims.

OPINION

The Prison Litigation Reform Act bars a civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). Exhaustion is required "even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804,

2

808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."). However, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). To prevail on summary judgment, defendants must show that there is no genuine issue of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies, a Wisconsin prisoner must complete the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a formal complaint with the Institution Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). The ICE may return a complaint if it does not satisfy certain criteria found in § 310.07(1), (3), (4), or (5). Wis. Admin. Code § DOC 310.10(5). For example, the complaint may only contain "one clearly identified issue" that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5). Likewise, the "complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6).

After its review, the ICE provides a recommendation to the Reviewing Authority, who will make a decision on the complaint. Wis. Admin. Code §§ DOC 310.10(9), DOC 310.11. If the inmate is unsatisfied with the result, he may file an appeal to the Corrections Complaint Examiner ("CCE") within 14 days of the date of the decision on the complaint

or, if the inmate does not receive a decision, 45 days after the date the ICE enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3). The CCE reviews the underlying decision and sends a recommendation to the DOC Secretary, whose decision is final. Wis. Admin. Code §§ DOC 310.12(9), 310.13(2)-(3).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809); *see also Robinson v. Lipinski*, No. 25-1006, 2025 WL 2887999, at *2 (7th Cir. Oct. 10, 2025) (unpublished) ("[T]he Prison Litigation Reform Act's exhaustion requirement is inflexible, and there is no 'substantial compliance' exception.").

As noted above, the court granted plaintiff leave to proceed on allegations that defendants violated the Eighth Amendment by discontinuing a wound cleaning regimen recommended by the vascular surgery department at UW Hospital on August 30, 2024, ignoring an open wound, and failing to treat him or ensure that he received care despite requests for wound cleaning on "numerous occasions." (Dkt. #1, at 3.) Defendants have presented an Inmate Complaint History Report (Ex. 1000 to Davidson Decl. (dkt. #33-1)), and several grievances filed by plaintiff during the relevant time-period. Those grievances, which are summarized briefly below, do not afford notice of his claims against the defendants.

On March 27, 2024, plaintiff filed Inmate Complaint CCI-2024-4639, alleging that he had pain in his right leg that was "getting worse" and seeking care by a "wound care" specialist at UW Hospital. (Ex. 1001 to Davidson Decl. (dkt. #33-2), at 11.) The ICE recommended dismissing the complaint based on records showing that plaintiff was evaluated and, while there were no signs of infection, an order was entered for daily application of Santyl and dressing changes. (*Id*. at 2, 14.) He was also educated on the importance of getting his blood sugar under control for optimal healing and scheduled for an MRI to rule out a bone infection as the cause of the wound. (*Id*. at 3, 14.) The Reviewing Authority followed the ICE's recommendation and dismissed the complaint. (*Id*. at 4.) Plaintiff filed an appeal, but it was rejected by the CCE as untimely. (*Id*. at 6.) In any event, the complaint predates the issues that plaintiff is litigating in this case and does not otherwise give prison officials notice of his pending claims.

On August 5, 2024, plaintiff filed Inmate Complaint CCI-2024-11600, alleging that HSU staff did not change his bandage on August 1, 2024. (Ex. 1002 to Davidson Decl. (dkt. #33-3), at 12.) The ICE recommended that the complaint be affirmed but dismissed based on medical records showing that plaintiff's wound care appointment was inadvertently not scheduled for August 1, 2024, and that he was evaluated the following day with no deterioration or changes in the wound noted. (*Id*. at 2.) The Reviewing Authority agreed with the ICE's recommendation and affirmed the complaint. (*Id*. at 4.) Plaintiff filed an appeal, and the result was affirmed by the DOC Secretary on the CCE's recommendation. (*Id*. at 6-7.) This complaint also predates the issues on which plaintiff

was granted leave to proceed and, moreover, does not include facts that would have served as sufficient notice of his pending claims.

On October 16, 2024, plaintiff filed Inmate Complaint CCI-2024-15271, alleging that his bandages were not changed on October 5, 2024. (Ex. 1003 to Davidson Decl. (dkt. #33-4), at 8.) The ICE recommended affirming the complaint because plaintiff did not receive wound care on October 5, 2024, as he should have under his existing plan of care. (*Id*. at 2.) The ICE noted further that plaintiff's plan of care was changed two days later, providing for weekly appointments for wound care on Mondays and Thursdays instead of a daily basis. (*Id*.) The Reviewing Authority affirmed the complaint based on the ICE's recommendation, commenting further that there was no "harm" noted from the missed bandage change on October 5. (Id. at 4.) Although the change to plaintiff's plan of care forms the basis for one of his claims in this case, he did not raise that issue in Inmate Complaint CCI-2024-15271 or any other formal grievance through the ICRS. Accordingly, this grievance is also insufficient to provide notice of his claims.

On April 28, 2025, plaintiff filed Inmate Complaint CCI-2025-5937, alleging generally that he had been denied adequate medical care for his right foot and that he had only received the "run around" from HSM Acker. (Ex. 1004 to Davidson Decl. (dkt. #33-5), at 6.) Specifically, plaintiff complained that when he asked Acker why his wound was not healing, Acker responded by sending him to a wound care specialist. (*Id*.) Plaintiff also noted that he had been receiving bandage changes three times per week and had an "off-site" evaluation on April 16, 2025, but that his foot was infected and had foul smell. (*Id*. at 6, 8.) The ICE recommended dismissing the complaint, noting that plaintiff was

6

also seen on April 24 and April 25, and that he was being sent to the infirmary at Dodge Correctional Institution for IV antibiotics. (*Id*. at 4.) Soon after the ICE issued his recommendation, plaintiff attempted to file an appeal, but it was rejected by the ICE because he filed it before the Reviewing Authority made a decision. (Exs. 002 and 003 to Young Decl. (dkt. #20-1, #20-2).) When the appeal was rejected, the ICE explained that plaintiff would have to wait until the Reviewing Authority considered the ICE's recommendation and took action. Several weeks later, the Reviewing Authority followed the ICE's recommendation and dismissed the complaint, noting further that plaintiff had a "complicated medical history" that contributed to his "poor wound healing," including refusing his insulin on six occasions within the previous two weeks. (Ex. 1004 to Davidson Decl. (dkt. #33-5), at 6.) Despite the ICE's instructions, plaintiff did not resubmit his appeal. Thus, he did not complete the grievance process. Even if he had, the allegations do not provide notice or a fair opportunity to address his claims as required. *Jackson*, 105 F.4th at 959.

      Based on this record, defendants have established that plaintiff failed to exhaust available administrative remedies with regard to his claims. As a result, defendants are entitled to summary judgment and plaintiff's unexhausted claims will be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means plaintiff can refile these claims if he can successfully exhaust them.

ORDER

IT IS ORDERED that Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #31) is GRANTED. Plaintiff's claims are DISMISSED without prejudice. The clerk of court is directed to enter judgment accordingly and to close this case.

Entered this 18th day of February, 2026.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge